## Byrd v. Byrd.

E. Le Roy Van Roden, for libellant; Guy D. De Furia, for respondent.

MACDADE, J., October 6, 1930.—The libellant, William J. Byrd, has instituted an action in divorce a vinculo matrimonii against the respondent, Evelyn J. Byrd, as of the above number and term, and alleges as causes for the

severance of the nuptial ties (1) cruel and barbarous treatment; (2) indignities to the person; (3) desertion.

The master, Solomon L. Hagy, Esq., has recommended, in accordance with the findings of fact and conclusions of law which he duly found, that the prayer of the libel be granted and that a decree be made divorcing and separating the said Evelyn J. Byrd, the respondent, from the society, fellowship and company of William J. Byrd, the libellant, for all time to come; and he, the said William J. Byrd, libellant, from the marriage bond contracted with the said respondent as if they had never been married or as if she, the said Evelyn J. Byrd, were naturally dead.

The respondent was represented by A. A. Cochran, Esq., as appears by the record, but neither he nor his client, the respondent, ever appeared before the master at any of the hearings conducted before the latter.

However, upon the filing of the master's report recommending an absolute divorce as aforesaid, and on the return day of the final rule in divorce, Guy D. De Furia, Esq., a member of the Delaware County Bar, as attorney for the respondent, filed exceptions to the entering of the final decree upon the following grounds:

1. "The Municipal Court of the City of Philadelphia by decree duly entered has ordered the libellant, William J. Byrd, to support the respondent, Evelyn J. Byrd, and entered an order to that effect, which order has not been complied with.

2. "The libellant, William J. Byrd, is in arrears of the payment of said order as of August 12, 1930, in the sum of One Hundred and Eighty Dollars ($180.00)."

We have considered these exceptions, having already been convinced by a perusal of the testimony and careful consideration of the recommendations of the master as embodied in his report that the libellant, the said William J. Byrd, is entitled to a final decree in his favor unless there is lack of jurisdiction upon our part to enter such decree while an order of the Municipal Court of the City of Philadelphia is outstanding and not complied with as alleged.

We see no jurisdictional barrier to the entering of a final decree herein, notwithstanding the Municipal Court of Philadelphia may have previous to the commencement of the divorce proceedings made an order for the support of the wife, the said respondent herein, for the wife, respondent, has equally efficient remedies in the said municipal court for the collection of arrears as she could possibly have in this: Hatch v. Hatch, 70 Pitts. L. J. 335.

The fact that these payments were in arrears would be no reason why the common pleas should not take this action under the practice of this court, although the common pleas might possibly stay its hand; however, when the court of common pleas has decreed a divorce, as we are doing herein, with or without alimony or an order outstanding in the court of quarter sessions, the jurisdiction of the quarter sessions will be at an end, and to that court the wife, the respondent, will resort to enforce any remedies which are very ample indeed for the collection of any arrears which she can prove to be the case: Heilbron v. Heilbron, 158 Pa. 297; Nogic v. Nogic, 25 Pa. C. C. 397; Yetter v. Yetter, 11 Lack. Jur. 211; Eckert v. Eckert, 38 Pa. C. C. 625, 13 Northamp. 7, 3 Berks, 113, 20 Dist .R. 835; Towell v. Towell, 10 Westm. L. J. 11.

Therefore, we are of the opinion that the exceptions should be dismissed, and an order therefor follows.

From William R. Toal, Media, Pa.